**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 8, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Jeanette R.R. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 22-2915-BAH

In this Social Security Disability Appeal, the Commissioner of the Social Security Administration ("SSA") has filed a Contested Motion for Entry of Judgment with Order of Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF 16. SSA asks for "further administrative proceedings, and the opportunity for a new hearing." *Id.* SSA also filed a brief arguing that remand is appropriate because this case presents "conflicting evidence and essential factual issues [that] have not been resolved." ECF 16-1, at 3. SSA argues that due to Plaintiff's age at the date of her alleged onset date, there remain disputes in the case as to whether Plaintiff has met the requirements of a relevant Listing and whether Plaintiff was "limited to performing sedentary work with no transferrable job skills." *Id.* at 4 (citing Social Security Ruling (SSR) 82-41, 1982 WL 31389). Plaintiff opposes remand and notes she is "unable to stipulate to Defendant's voluntary remand offer" because SSA "does not offer Plaintiff a benefits calculation." ECF 17, at 1. Plaintiff further alleges that "the only remaining question for [the] Court to decide is whether the record establishes that Plaintiff has been limited to sedentary exertional work since October 15, 2016." *Id.* at 2. Plaintiff argues that due to the lengthy delay in adjudicating Plaintiff's case, and since "overwhelming evidence in this case shows that Plaintiff" was limited to sedentary work during the relevant time period, Plaintiff is unquestionably disabled "pursuant to Grid Rule 201.14 since her October 2016 alleged onset date" and thus a reversal for benefits is "proper." *Id.* at 4. No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, SSA's motion for remand is GRANTED.

The Fourth Circuit has long adhered to the principle that district courts may reverse a case for payment of benefits only in "rare circumstances." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). The reviewing court is not permitted to conduct a de novo inquiry into the matter or to weigh conflicting evidence. *Id.* Accordingly, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Those rare circumstances only exist where the record clearly established disability and "reopening the record for more evidence would serve no useful purpose." *Breeden v. Weinberger*, 492 F.2d 1002, 1012 (4th Cir. 1974).

I have reviewed the record and determined that reopening the record would serve a useful purpose. Both parties acknowledge that there exists conflicting evidence in the case related to key issues in the case. *See* ECF 16-1, at 4–5; ECF 17, at 3–4. Indeed, Plaintiff explicitly asks the "Court to decide" a key factual dispute in the case, ECF 17, at 2, a task that unquestionably falls outside of the Court's authority in reviewing SSA decisions. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Just as it is not [within my] province to 'reweigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the [factfinder],' it is also not [within my] province . . . to engage in these exercises in the first instance." *Radford*, 734 F.3d at 296 (citing *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir.2012)). It also bears noting that the

*Jeanette R.R. v. Kijakazi*
Civil No. 22-2915-BAH
September 8, 2023
Page 2

reasons provided by Plaintiff in support of a direct award of benefits—the length of time Plaintiff's case has been pending and strong evidence compelling a particular result, ECF 17, at 4—are nearly identical to those found to be unpersuasive by the Fourth Circuit in *Radford v. Colvin*. 734 F.3d at 296.  Accordingly, they are similarly unavailing here and this case is properly remanded.[1]  SSA's motion for remand, ECF 16, is granted, SSA's decision is REVERSED, and the case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

      Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

                              Sincerely,

                              /s/

                              Brendan A. Hurson
                              United States Magistrate Judge

---

[1] This outcome is identical to those in other recent cases in this district where Plaintiffs have opposed remand and instead argued that a direct award of benefits is the proper outcome.  *See, e.g.*, *Catisha W. v. Comm'r, Soc. Sec. Admin*, Civ. No. BAH-21-1567, 2022 WL 2483582, at *1 (D. Md. July 6, 2022); *Michael C. v. Comm'r, Soc. Sec. Admin.*, Civ. No. BAH-22-392, 2022 WL 17094936, at *1 (D. Md. Nov. 21, 2022).  Indeed, Plaintiff fails to point the Court to a case where a trial court in this, or any, district entered a direct order of benefits.